**The STATE of Ohio, Appellee,**

**v.**

**DAWSON, Appellant.**

[Cite as *State v. Dawson* (1995), 105 Ohio App.3d 643.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 95 CA 13.

Decided Aug. 9, 1995.

*Jane T. Skogstrom,* Miami County Assistant Prosecuting Attorney, for appellee.

*Steven R. Layman,* Miami County Public Defender, for appellant.

WOLFF, Judge.

James Dawson pled guilty to and was convicted of escape, a felony, in violation of R.C. 2921.34. The escape occurred while Dawson was on probation for a misdemeanor offense, for which sentence had been suspended. The trial court sentenced Dawson to one year of incarceration on the escape offense and ordered that he serve the sentence consecutively to his reimposed misdemeanor sentence. Dawson appeals.

In his sole assignment of error, Dawson contends that R.C. 2929.41(A) requires that misdemeanor and felony convictions be served concurrently, and that the trial court erred in ordering that he serve his sentence for escape consecutively to his misdemeanor sentence.

R.C. 2929.41 states:

"(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. *In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.*

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

" * * *

"(2) When it is imposed for a violation of * * * section 2921.34 * * * of the Revised Code [escape] * * *;

"(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee[.]" (Emphasis added.)

Dawson argues that the exceptions enumerated in R.C. 2929.41(B) do not apply to situations in which a defendant has been sentenced for both a misdemeanor and the felony of escape because the second sentence in subsection (A) specifically provides that misdemeanor sentences shall be served concurrently with felony sentences. He claims that the second sentence in R.C. 2929.41(A) qualifies the first sentence, which states that sentences shall be served concurrently unless one of the exceptions in R.C. 2929.41(B) applies, so that the exceptions in subsection (B) do not apply in his case.

Even if we assume, for the sake of argument, that Dawson's interpretation of R.C. 2929.41(A) is correct, we must resolve the conflict between R.C. 2929.41(A) and R.C. 2921.34(C)(3), a subsection of the statute dealing exclusively with the crime of escape. R.C. 2921.34(C)(3) states that a sentence for escape shall be served consecutively to any other sentence of confinement imposed on the offender.

In R.C. 1.51, the legislature specifically provided:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." See, also, *State v. Darrah* (1980), 64 Ohio St.2d 22, 25, 18 O.O.3d 193, 194–195, 412 N.E.2d 1328, 1330.

R.C. 2921.34(C)(3) and R.C. 2929.41(A) are in direct conflict when a defendant has been convicted of a misdemeanor and the felony of escape and the provisions cannot be construed so that effect is given to both. Therefore, we must rely on R.C. 1.51 to resolve the conflict. R.C. 2929.41(A) is a general sentencing provision. R.C. 2921.34(C)(3) is a special provision which provides that a sentence of confinement imposed for escape shall be served consecutively to any other sentence of confinement. The legislature has not manifested an intent that the general provision in R.C. 2929.41(A) should prevail over the special provision in R.C. 2921.34(C)(3). Pursuant to R.C. 1.51, the special provision constitutes an exception to the general rule that misdemeanor and felony convictions shall be served concurrently. Therefore, even assuming, *arguendo*, that the exceptions

enumerated in R.C. 2929.41(B) do not apply in this case, the trial court did not err in ordering Dawson to serve his sentence for escape consecutively to his prior misdemeanor sentence.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.